## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **KENDALL GRIFFIN**<br>    **Plaintiff,**<br><br>**v.**<br><br>**RAYMOND ALAN DEBORDE, INC.**<br>**AND JIMMY RICHARD HENDRIX**<br>    **Defendants.** | **CIVIL ACTION NO. 5:25-cv-14**<br><br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kendall Griffin files Plaintiff's Original Complaint against Defendant Raymond Alan Deborde, Inc. and Defendant Jimmy Richard Hendrix and for cause of action will show as follows:

## PARTIES

1.      Plaintiff, Kendall Griffin, is an individual who is a citizen of the State of Louisiana.

2.      Defendant <u>Raymond Alan Deborde, Inc.</u> is a foreign corporation organized under the laws of the State of Georgia. Defendant has its principal place of business in the State of Georgia. Defendant may be served with process by serving its registered agent: **Jean D. Horsley at 110 Matthew Way; Fayetteville, GA 30214.**

3.      Defendant <u>Jimmy Richard Hendrix</u> is an individual who is a citizen of the State of Georgia that may be served with process at his usual place of abode: **79 Welcome Arnco Rd; Newnan, GA 30263.**

## JURISDICTION

4.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, excluding interest and costs, and the case is between citizens of different states.

5.    Specifically, Plaintiff is a citizen of Louisiana, Defendant Deborde is a Georgia corporation, and Defendant Hendrix is a Georgia citizen.

## VENUE

6.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7.    Specifically, this case arises out of a February 3, 2023 incident that occurred in Guadalupe County, Texas.

## CONDITIONS PRECEDENT

8.    All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS – THE INCIDENT

9.    This case arises out of a motor vehicle collision that occurred around 5:00am on February 3, 2023 in Guadalupe County, Texas.

10.    At all times relevant, Defendant Hendrix was driving a tractor-trailer owned and/or operated by Defendant Deborde.

11.    At all times relevant, Defendant Deborde operated a 2021 Peterbilt tractor with VIN number 1XPBD49X2MD773151.

12.    At all times relevant, the tractor was pulling a trailer owned or operated by Defendant Deborde with Vin number 1UYVS2533K6460611.

13. At all times relevant, Defendant Hendrix was driving the subject tractor and trailer in Guadalupe County, Texas near mile marker 621 on Interstate Highway 10 in the left lane.

14. According to the crash report, the subject crash occurred around 5:10am.

15. According to the crash report, Defendant Hendrix failed to control his speed given the weather and roadway conditions.

16. The crash report also states that Defendant Hendrix was distracted by spilled coffee.

17. The failure to control speed and the distraction caused Defendant Hendrix to veer into the right lane.

18. Upon veering into the right lane, Defendant Hendrix crashed into the tractor-trailer being operated by Plaintiff Griffin.

19. The manner in which the collision occurred is consistent with fatigue, violations of the hours-of-service regulations, distracted driving, unsafe driving, and lack of training.

20. As a result of the collision, Plaintiff has suffered severe and ongoing injuries and pain.

## BACKGROUND FACTS – DEBORDE AND HENDRIX

21. Defendant Deborde is a motor carrier operating in interstate commerce under the following USDOT number: 702133.

22. At all times relevant, Defendant Deborde engaged in business in Texas, committed a tort, which is the subject of this suit, in whole or in part in Texas, and operated a commercial motor vehicle in Texas that was involved in this collision.

23. Defendant Deborde regularly and purposefully operated commercial motor vehicles in and through Texas.

24. At all times relevant, Defendant Hendrix was an agent, servant, employee, and/or a statutory employee of Defendant Deborde.

25. At all times relevant, Defendant Hendrix was acting within the scope of authority and for the benefit of Defendant Deborde.

26. Defendant Deborde is an authorized for hire motor carrier that transports general freight in interstate commerce under the following MC number: 324948.

27. The transportation of goods in interstate commerce in commercial motor vehicles presents substantial dangers to the public when not done safely, properly, and with due caution.

28. There are a number of federal regulations, state statutes, industry standards, and local ordinances that govern the qualification, training, and retention of professional tractor-trailer drivers, and the safe operation of commercial motor vehicles.

29. Defendant Deborde most recently received its authority to operate as a "motor property common carrier" in the United States on March 28, 2001.

30. According to the Federal Motor Carrier Safety Administration website, that authority was revoked on June 10, 2024.

31. Before receiving authority to operate 80,000-pound commercial motor vehicles on public highways, Defendant Deborde first had to make certain certifications.

32. In applying for and maintaining operating authority as a motor carrier, Defendant Deborde would have had to certify to the USDOT that it would:

    **32.1.**  Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

    **32.2.**  Have in place a driver safety training/orientation program;

    **32.3.**  Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements;

    **32.4.**  Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and

    **32.5.**  Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

**33.**  Upon information and belief, Defendant Deborde violated its certifications as stated and verified in its application for operating authority.

**34.**  Defendant Deborde knew or should have known, in light of the surrounding circumstances, that if it violated these certifications and failed to implement the safety management systems necessary to ensure compliance with the FMCSR (including training, policies, and procedures) there would naturally and probably be preventable crashes resulting in injuries and damages.

**35.**  At the time of the collision, Defendant Deborde operated approximately 2 power units and 2 drivers in the United States under its USDOT number.

**36.**  Despite only 2 power units and 2 drivers, between September 27, 2022 and September 27, 2024, Defendant Deborde was convicted of 25 violations of the Federal Motor Carrier Safety Regulations, including:

**36.1.** 2 violations of unsafe driving;

**36.2.** 5 hours of service violations;

**36.3.** 1 drug and alcohol violation (the tractor involved in this violation is the same tractor involved in the subject crash);

**36.4.** 2 driver fitness violations; and

**36.5.** 15 vehicle maintenance violations.

**37.** Defendant Deborde failed to promote and enforce systems and procedures for the safe operation of its commercial motor vehicles and thus, created a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the public, including Plaintiff Griffin.

## COUNT 1 – VICARIOUS LIABILITY

**38.** Plaintiff incorporates ¶¶9-37 as though fully set out herein.

**39.** At all times relevant, Defendant Hendrix was an agent, servant and/or employee of Defendant Deborde and was acting within the scope of authority and for the benefit of Defendant Deborde.

**40.** As a result, Defendant Deborde is liable for Defendant Hendrix's negligent actions and inactions under the doctrine of *respondeat superior* and/or the statutory employment doctrine.

## COUNT 2 – HENDRIX'S NEGLIGENCE

**41.** Plaintiff incorporates ¶¶9-40 as though fully set out herein.

**42.** At all times relevant, Defendant Hendrix was negligent in his operation of the tractor-trailer, and this negligence caused Plaintiff's injuries and damages.

43.    At all times relevant, Defendant Hendrix owed Plaintiff and the public at large duties of care to operate the commercial motor vehicle in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation of commercial motor vehicles.

44.    Upon information and belief, Defendant Hendrix breached these duties in one or more of, but not limited to, the following ways:

44.1.    Failing to keep a proper lookout;

44.2.    Driving while distracted;

44.3.    Driving while fatigued;

44.4.    Failing to maintain control of the commercial motor vehicle;

44.5.    Failing to maintain attention while driving;

44.6.    Failing to manage the speed of the commercial motor vehicle in a safe and prudent manner;

44.7.    Failing to manage the space around his commercial motor vehicle in a safe and prudent manner; and

44.8.    Failing to operate the commercial motor vehicle the way a prudent truck driver would have under the same or similar circumstances or doing that which a truck driver of ordinary prudence would not have done under the same or similar circumstances.

45.    Defendant Hendrix's negligent conduct violated laws intended to protect and prevent crashes with people like Plaintiff Griffin.

**46.** Each of these acts and omissions, whether taken singularly or in combination, constitute a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT 3 – DEBORDE'S NEGLGIENCE

**47.** Plaintiff incorporates ¶¶9-46 as though fully set out herein.

**48.** At all times relevant, Defendant Deborde had a non-delegable duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of its commercial motor vehicles that Defendant Deborde may have breached in one or more of, but not limited to, the following ways:

**48.1.** Failing to determine whether Defendant Hendrix was competent to be hired;

**48.2.** Failing to adequately supervise Defendant Hendrix;

**48.3.** Failing to adequately monitor Defendant Hendrix;

**48.4.** Failing to adequately train Defendant Hendrix;

**48.5.** Failing to remain knowledgeable about Defendant Hendrix's competence and fitness to operate a commercial motor vehicle;

**48.6.** Entrusting a commercial motor vehicle to Defendant Hendrix when it knew or should have known he was a reckless or incompetent driver;

**48.7.** Failing to have adequate policies and procedures to ensure the same operation of its commercial motor vehicles;

**48.8.** Failing to audit driver logs for hours-of-service violations; and

**48.9.** Failing to promote and enforce systems and procedures for the safe operation of commercial motor vehicles and thus, creating a zone and culture of risk

that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the public, including Plaintiff Griffin.

49.   Defendant Deborde's negligent conduct also violated laws intended to protect and prevent crashes with people like Plaintiff Griffin.

50.   Each of these acts and omissions, whether taken singularly or in combination, constitute a direct and proximate cause of Plaintiff's injuries and damages.

51.   These acts or omissions, when viewed objectively from Defendant Deborde's standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

52.   Defendant Deborde had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, and welfare of others.

## DAMAGES

53.   As a direct and proximate result of Defendant Deborde's and Defendant Hendrix's wrongful acts and/or omissions described above, Plaintiff Griffin has suffered and continues to suffer severe injuries.

54.   Plaintiff Griffin seeks the following damages:

54.1.   Medical expenses in the past and future;

54.2.   Loss of earning capacity in the future;

54.3.   Physical impairment in the past and future;

54.4.   Physical pain and suffering in the past and future;

54.5.    Mental anguish in the past and future;

54.6.   Property damage; and

**54.7.**   Exemplary damages.

**55.**   Plaintiff Griffin seeks damages in an amount within the jurisdictional limits of the Court.

## <u>JURY DEMAND</u>

**56.**   Plaintiff Griffin asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## <u>PRAYER</u>

**57.**   For these reasons, Plaintiff asks for judgment against Defendant Raymond Alan Deborde, Inc. and Defendant Jimmy Richard Hendrix for the following:

**57.1.**   Actual damages;

**57.2.**   Pre-judgment and post-judgment interest;

**57.3.**   Court costs;

**57.4.**   Exemplary damages; and

**57.5.**   All other relief the Court deems appropriate.

Respectfully submitted,


LEIBOWITZ LAW FIRM PLLC

By:
_____
Jacob S. Leibowitz
Attorney-In-Charge
WDTX ID No. 24066930
517 Soledad Street
San Antonio, Texas 78205
T (210) 201-2005
F (888) 321-7977
E jacob@leibolaw.com

**ATTORNEY IN CHARGE FOR
PLAINTIFF, KENDALL GRIFFIN**